United States District Court
Southern District of Texas
**ENTERED**
August 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES K. CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-336 |
| | § | |
| OMBUDSMAN OFFICE, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff James Chambers has filed a complaint under 42 U.S.C. § 1983 alleging that he was sexually assaulted by another inmate while incarcerated at the East Texas Treatment Facility in Rusk County (Dkt. 1). This case has no clear connection to this division, especially because the most recent address the Court has for Chambers is in the Tarrant County Jail. The Court has been unable to contact Chambers; the only piece of mail the Court has sent to his listed address was returned marked, "Return to Sender. Not in Tarrant County Jail" (Dkt. 7). And Chambers has not contacted the Court in nearly nine months. Chambers is not listed on the Texas Department of Criminal Justice website, whether one searches by name or by inmate number.

Parties, including those proceeding *pro se*, bear the burden of advising the Court of address changes. *See* Southern District of Texas Local Rule 83.4. As the Fifth Circuit has succinctly phrased it:

It is neither feasible nor legally required that the clerks of the district courts

undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.
*Perkins v. King*, No. 84-3310, at p. 4 (5th Cir. May 19, 1985) (slip op.).

The failure to inform the Court of an address change can result in the dismissal of an action for want of prosecution. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Chambers's failure to give the Court his new address for a period of nearly nine months leads the Court to conclude that Chambers either is not exercising due diligence to prosecute this case or no longer wishes to pursue it. Moreover, any sanction short of dismissal would be futile at this point because there is no way to correspond with Chambers to tell him about it. *Id.*

The Court may dismiss this action for want of prosecution under the inherent powers necessarily vested in a district court to manage its own affairs—FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)—and it will now do so.

This case is **DISMISSED** without prejudice for want of prosecution. This is a **FINAL JUDGMENT**.

It is so **ORDERED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___August 19___, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE